**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, <br>        Plaintiff, <br><br> v. <br><br> **EZFAUXDECOR, LLC** and <br> **AMBER SHANK**, <br>        Defendants. | Civil Action Number <br><br> _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

COME NOW Plaintiff, Instant One Media, Inc. ("Instant One Media"), by and through counsel, and herein avers for Plaintiff's Complaint as follows:

## I.     INTRODUCTION

1. EzFauxDecor, LLC ("EzFauxDecor") and Amber Shank ("Shank") (collectively, "Defendants"), after strong arming Instant One Media into a $175,000.00 settlement agreement, have willfully violated that settlement agreement in just over a year after execution and have used, in commerce and as their trademarks, Instant One Media's federally registered trademarks in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*.

2. Instant One Media has lived up to its obligations.

3. On the other hand, despite legally binding themselves from using certain phrases and trademarks owned by Instant One Media, Defendants have nevertheless persisted in using such phrases and trademarks in commerce on their website, http://www.ezfauxdecor.com, and other places.

4. Because Defendants flagrantly disregard their legal obligations and willfully violate Instant One Media's federally-registered trademarks, Instant One Media now files this

action for willful federal trademark infringement and bad faith breach of contract.

## II. JURISDICTION

5. Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

### A. Subject Matter Jurisdiction

6. This action arises, in part, out of 15 U.S.C. §§ 1114 and 1125 ("Federal Claims").

7. As such, this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1338.

8. This action also arises out of Defendants' breach of contract ("State Claims"), which arise out of a common nucleus of operative facts as the Federal Claims.

9. As such, this Honorable Court has supplemental jurisdiction over the State Claims pursuant to 28 U.S.C. § 1367.

### B. Personal Jurisdiction and Venue

10. EzFauxDecor is a limited liability company that transacts business in Georgia.

11. EzFauxDecor has an Internet presence at http://www.ezfauxdecor.com ("EzFauxDecor Website").

12. The EzFauxDecor Website is a commercial website that, on information and belief, does a substantial volume of business over the Internet (including Georgia).

13. On information and belief, EzFauxDecor also has an Amazon store front "ez faux decor" (and/or variations thereof), which also transacts a substantial volume of business over the Internet (including Georgia).

14. Further, Defendants have entered into a contract (the settlement agreement) with Instant One Media, a Georgia company.

15. Because Defendants have purposefully availed themselves of the benefits of transacting business in Georgia and, more particularly, in Atlanta, Defendants are subject to personal jurisdiction in Georgia and venue is proper in this Honorable Court.

16. EzFuaxDecor can be served through its registered agent for service of process at:

**EZFAUXDECOR, LLC**
**REGISTERED AGENT: AMBER SHANK**
**6417 W. 125TH**
**OVERLAND PARK, KS 66209**

17. Shank can be served at:

**AMBER SHANK**
**6417 W. 125TH**
**LEAWOOD, KS 66209**

### III. THE SETTLEMENT AGREEMENT

18. Instant One Media incorporates the above-recited allegations as if expressly set forth here in their entireties.

#### A. Suit Ends in Settlement Agreement

19. Previously, Defendants sued Instant One Media (among others) ("Prior Lawsuit").

20. That Prior Lawsuit was mediated on or about 2017-Jun-22 ("Mediation").

21. The Mediation ended with all parties signing a settlement agreement.

22. A true and correct copy of the settlement agreement is attached hereto as Exhibit A.

### B.     *Instant One Media Abides by Settlement Agreement*

23.     In the settlement agreement, Instant One Media agreed to pay EzFauxDecor and Shank $175,000 without admission of liability.

24.     In accordance with its obligations under the settlement agreement, Instant One Media paid the $175,000 to EzFauxDecor and Shank.

### C.     *EzFauxDecor and Shank Violate Settlement Agreement*

25.     Further, in the settlement agreement, EzFauxDecor and Shank agreed not to use the phrase "instant granite" or "instant stainless" unless separated by at least two words that do not describe a color.

26.     Also, in the settlement agreement, EzFauxDecor and Shank acknowledged that Instant One Media owns trademarks in INSTANT GRANITE and INSTANT STAINLESS for use in connection with Instant One Media's business and agreed to not oppose the federal registration of those marks.

27.     As early as 2018-Nov-14, which is less than eighteen (18) months after signing the settlement agreement, EzFauxDecor used the phrase "instant granite" in commerce.

28.     One page of EzFauxDecor's website showing the use of "instant granite" is attached hereto as Exhibit B.

29.     Additionally, after 2017-Jun-22, EzFauxDecor used "instant granite" in commerce as a product description tag on its website http://www.ezfauxdecor.com/product-tag/instant-granite.

30.     EzFauxDecor's website showing the use of "instant granite" as a product description tag is attached hereto as Exhibit C.

31. Further, after 2017-Jun-22, EzFauxDecor used "instant stainless" in commerce as a product description tag on its website http://www.ezfauxdecor.com/product-tag/instant-stainless.

32. EzFauxDecor's website showing the use of "instant stainless" as a product description tag is attached hereto as Exhibit D.

33. Other examples of EzFauxDecor's use of "instant granite" are attached hereto as Exhibits E and F.

### D.  *Defendants' Violations of Settlement Agreement on Amazon*

34. On information and belief, Defendants own the store front "ez faux decor" (and/or variants thereof) on Amazon.com ("Amazon Storefront").

35. Even as late as 2019-Jan-14, EzFauxDecor's Amazon Storefront offered self-adhesive vinyl laminate using the phrase "Instant Granite."

36. A true and correct copy of EzFauxDecor's Amazon Storefront is attached hereto as Exhibit G.

### IV.  FEDERALLY REGISTERED TRADEMARKS

37. Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

### A.  *Plaintiff's Ownership of Federally Registered Trademarks*

38. Instant One Media owns the federal trademark registration for "INSTANT GRANITE" for pre-designed vinyl decals and wraps specially adapted for metal counter tops

with a self-adhesive or magnetic backing in international class 006; pre-designed vinyl decals and wraps specially adapted for dishwashing appliances with a self-adhesive or magnetic backing in international class 007; pre-designed vinyl decals and wraps specially adapted for cooking, refrigerating, or bathroom appliances with a self-adhesive or magnetic backing in international class 011; decals and stickers for use as home decor, decals in international class 016; pre-designed vinyl decals and wraps specially adapted for non-metal counter tops with a self-adhesive or magnetic backing in international class 019; and pre-designed vinyl decals and wraps specially adapted for household furniture with a self-adhesive or magnetic backing in international class 020, which has the Registration Number of 5,279,762 ("Instant Granite Registration").

39. A true and correct copy of Instant One Media's Instant Granite Registration is attached hereto as Exhibit H.

40. The registration date for the Instant Granite Registration is 2017-Sep-05.

41. Instant One Media also owns the federal trademark registration for "INSTANT STAINLESS" for pre-designed vinyl decals and wraps specially adapted for metal counter tops with a self-adhesive or magnetic backing in international class 006; pre-designed vinyl decals and wraps specially adapted for dishwashing appliances with a self-adhesive or magnetic backing in international class 007; pre-designed vinyl decals and wraps specially adapted for cooking, refrigerating, or bathroom appliances with a self-adhesive or magnetic backing in international class 011; decals and stickers for use as home decor, decals in international class 016; pre-designed vinyl decals and wraps specially adapted for non-metal counter tops with a self-adhesive or magnetic backing in international class 019; and pre-designed vinyl decals and wraps specially adapted for household furniture with a self-adhesive or magnetic backing in

international class 020, which has the Registration Number of 5,279,763 ("Instant Stainless Registration").

42. A true and correct copy of Instant One Media's Instant Stainless Registration is attached hereto as Exhibit I.

43. The registration date for the Instant Stainless Registration is 2017-Sep-05.

44. By virtue of the federal trademark registrations for "INSTANT GRANITE" and "INSTANT STAINLESS," Defendants are deemed to have knowledge of the registrations and of the rights claimed in the Instant Granite Registration and Instant Stainless Registration.

45. Further, Defendants were fully aware of Instant One Media's applications for registration from the settlement agreement.

### B. Defendants' Use in Commerce of the Federally Registered Trademarks

46. Defendants use Instant One Media's mark INSTANT GRANITE in connection with sales of goods, or offers to sell goods, is ongoing, as shown at least in Exhibits B, C, E, and F.

47. Defendants' use of INSTANT GRANITE in conjunction with sales of, or offers to sell, goods on their website constitutes "use in commerce" under the Lanham Act.

48. Defendants use Instant One Media's mark INSTANT STAINLESS in connection with sales of goods, or offers to sell goods, is ongoing, as shown at least in Exhibits D and F.

49. Defendants' use of INSTANT STAINLESS in conjunction with sales of, or offers to sell, goods on their website constitutes "use in commerce" under the Lanham Act.

### C. Likelihood of Confusion of Asserted Trademarks

50. Defendants use of "instant granite" is identical in spelling, sound, appearance, and connotation to the Plaintiff's federally registered trademark of "INSTANT GRANITE."

51. Defendants use of "instant stainless" is identical in spelling, sound, appearance, and connotation to the Plaintiff's federally registered trademark of "INSTANT STAINLESS."

52. The goods sold by Defendants under "instant granite" and "instant stainless" ("Marks") include wraps adapted for counter tops with a self-adhesive or magnetic backing.

53. The goods sold by Defendants under the Marks also include pre-designed vinyl decals for various surfaces.

54. Instant One Media's products and Defendants' goods are so similar that the consuming public cannot readily distinguish between the parties' goods.

55. Instant One Media and Defendants use the same or similar sales channels via self-owned websites and third-party websites, such as Amazon.com.

56. Instant One Media and Defendants have the same or similar customer bases.

57. Instant One Media and Defendants also use the same or similar advertising media.

58. Despite being fully aware of Instant One Media's Instant Granite Registration and Instant Stainless Registration, Defendants' continued to use the Marks in connection with goods that were nearly identical to Instant One Media's goods under the federally registered trademarks.

59. Defendants continue to use the Instant One Media's federally registered trademarks for advertising their products under sponsored links on third-party websites.

60. Defendants' unauthorized use of Instant One Media's federally registered trademarks is likely to cause confusion, mistake, or deception among consumers as to the source, affiliation, approval, or sponsorship of Defendants' goods.

## V.      CLAIMS

### *COUNT I: Federal Trademark Infringement*

61.     Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

62.     Plaintiff owns federal trademark registrations for INSTANT GRANITE and INSTANT STAINLESS.

63.     Defendants have used, and continue to use, Plaintiff's trademarks in commerce, without permission from the Plaintiff.

64.     There is a likelihood of confusion, mistake, or deception as to the source, origin, affiliation, approval, or sponsorship of Defendants' goods from Defendants' unauthorized use of "INSTANT GRANITE" and "INSTANT STAINLESS."

65.     Defendants infringe Plaintiff's federally registered trademarks under 15 U.S.C. § 1125.

66.     Because Defendants were fully aware of Plaintiff's federally registered trademarks, and because Defendants legally bound themselves to refrain from using Plaintiff's federally registered trademarks, Defendants' infringement is willful.

### *COUNT II: Actual Damages for Trademark Infringement*

67.     Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

68.     As a result of Defendants' willful infringement of Plaintiff's federally registered trademarks, Plaintiff is entitled to actual damages to be proven at trial, including but not limited to Defendants' profits.

### COUNT III: Attorney's Fees Under the Lanham Act

69. Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

70. As a result of Defendants' willful trademark infringement of Plaintiff's federally registered trademarks, Plaintiff is entitled to attorney's fees.

### COUNT IV: Injunctive Relief

71. Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

72. Under 15 U.S.C. § 1116, this Honorable Court is vested with the power to grant injunctions.

73. Based on Defendants' continued infringement of Plaintiff's trademarks, injunctive relief is proper.

### COUNT V: Breach of Contract

74. Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

75. A valid and binding contract (namely, the settlement agreement), which is supported by sufficient consideration and which has not been rescinded, exists between the Plaintiff and the Defendants.

76. Defendants materially breached the contract by using the phrases "instant granite" and "instant stainless" in a manner that was prohibited by the contract.

77. Defendants' breach was willful and in bad faith.

78. Defendants' material breach resulted in damages to Plaintiff.

79. As a result of Defendants' bad faith breach of the settlement agreement, Plaintiff is entitled to monetary damages, including interest, under breach of contract.

80. Plaintiffs' payment of $175,000 is a necessary expense that Plaintiff incurred in complying with the agreement, so the $175,000 is recoverable as damages.

### *COUNT VI: Bad Faith Attorneys' Fees Under O.C.G.A. § 13-6-11*

81. Plaintiff incorporates and re-alleges all of the allegations set forth in the preceding paragraphs.

82. Under O.C.G.A. § 13-6-11, where Plaintiff has specially pleaded and has made prayer for expenses of litigation (including attorneys' fees), and where Defendants have acted in bad faith, has been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense, a jury may allow expenses of litigation (including attorneys' fees).

83. Defendants have acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense in breaching the settlement agreement and infringing Plaintiff's federally registered trademarks.

84. Thus, Plaintiff is entitled to expenses of litigation including attorneys' fees under O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a. Enter judgment in favor of Plaintiff on all of Plaintiff's claims;

    b. Award of actual damages sufficient to make Plaintiff whole, to be proven at trial;

    c. Award to Plaintiff all of Defendants' profits for Defendants' willful infringement

of Plaintiff's federally registered trademarks;

  d. Award attorney's fees to Plaintiff for Defendants' willful infringement of Plaintiff's federally registered trademarks;

  e. Award attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 to Plaintiff for Defendants' bad faith, stubborn litigiousness, and unnecessary trouble and expense;

  f. Grant injunctive relief to prevent current and future infringement of Plaintiff's federally registered trademarks;

  g. Award monetary damages of $175,000 as a reasonable and necessary expense under the settlement agreement;

  h. Award pre-judgment interest; and

  i. Any other legal or equitable relief that this Honorable Court deems to be fair and just.


Respectfully submitted, 2019-Feb-01.

              /s/ Daniel E. DeWoskin
              Daniel E. DeWoskin
              Georgia Bar No. 220327
              Counsel for Plaintiff

              /s/ Sam S. Han
              Daniel E. DeWoskin
              Georgia Bar No. 322284
              Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com