IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INSTANT ONE MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> EZFAUXDECOR, LLC and <br> AMBER SHANK, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:19-CV-00540-WMR |

## ORDER

This matter is before the Court on Plaintiff Instant One Media's Motion for Sanctions regarding the spoliation of evidence (the "Motion") [Doc. 29]. Upon consideration of the Motion, arguments of counsel, and all appropriate matters of record, the Court GRANTS the Motion based on the following findings.

**I.  BACKGROUND**

Plaintiff brought this action for willful federal trademark infringement and bad faith breach of contract against EzFauxDecor, LLC. [Doc. 1]. In a prior lawsuit, the Defendants entered into a settlement agreement wherein they agreed that they would not use the phrase "instant granite" or "instant stainless" in their business and would not oppose the Plaintiff's registration of trademarks for these phrases. [Doc.

1-1, at pp. 2-3]. The Plaintiff alleges that on November 14, 2018, it discovered that EzFauxDecor was using the term "instant granite" on its website, in violation of the settlement agreement and Plaintiff's trademark rights. [Doc. 1 at p. 4].

The Plaintiff filed its complaint on February 1, 2019, [Doc. 1] and the Defendants signed a waiver of service shortly thereafter [Doc. 6 & Doc. 7]. Defendant Amber Shank contends that she did not receive any communications from the Plaintiff before February 7, 2019, [Doc. 30-1, at p. 2 ¶ 7] and that she had her digital contractor make a copy of the website as it existed on February 6, 2019. [Id. at ¶ 11]. The Plaintiff asserts that the Defendants altered the website, deleting the trademark violations in question before and after providing the Defendants with the electronically stored information (ESI) so that it could not be used against them in court. [Doc. 29].

## II.   ANALYSIS

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 F. App'x 298, 301 (11th Cir. 2009) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). The decision to impose sanctions for spoliation of evidence in a diversity suit is governed by federal law. *See ML Healthcare Servs., LLC v. Publix*

*Super Markets, Inc.*, 881 F.3d 1293, 1307 (11th Cir. 2018) (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005)).

To determine whether sanctions are warranted, the Eleventh Circuit has instructed courts to consider: "(1) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured; (2) the practical importance of the evidence; (3) whether the spoliating party acted in bad faith; and (4) the potential for abuse if sanctions are not imposed." *ML Healthcare Servs.*, 881 F.3d at 1307 (citing *Flury*, 427 F.3d at 945). The Eleventh Circuit borrowed this test from Georgia spoliation law since "federal law does not set forth 'specific guidelines' to determine when such sanctions are warranted" and Georgia spoliation law is "wholly consistent with federal spoliation principles." *ML Healthcare Servs.*, 881 F.3d at 1307 (citing *Flury*, 427 F.3d at 944).

Applying the four factors set forth in *Flury* to the facts of this case, the Court finds that a narrower sanction is warranted.

Regarding the first factor, the Court finds that Plaintiff has been prejudiced as a result of the destruction of evidence and that the prejudice cannot be cured. The failure to preserve the ESI is prejudicial to the Plaintiff because the electronic copy of the website as it existed before the lawsuit is relevant to the alleged trademark violation. *See Flury*, 427 F.3d at 946 (finding defendant was severely prejudiced by plaintiff's spoliation of the subject vehicle since direct examination of the vehicle's

condition was critically important to the product liability claim).  The prejudice that results from this destruction of evidence cannot be cured because the Defendants do not admit to accuracy of the screenshots of their website taken by the Plaintiff [Doc. 8, at pp. 3-4], while they admit that they altered the website after they learned of the complaint. [Doc. 23-3, at pp. 5-7]. Accordingly, Plaintiff has suffered prejudice based on Defendant's failure to document and preserve an accurate copy of their website.

For similar reasons as the first factor, the Court finds the second factor, the practical importance of the evidence, is also satisfied since the website is relevant to the alleged trademark infringment.

Bad faith spoliation of evidence can be proved through circumstantial evidence. *See Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010) ("If direct evidence of bad faith is unavailable, the moving party may establish bad faith through circumstantial evidence.").  Here, the Court finds that there is sufficient circumstantial evidence of defendant's intent to destroy the evidence.  To find bad faith, a showing of malice is not required. *See Flury*, 427 F.3d at 946 ("Georgia law does not require a showing of malice in order to find bad faith").  Rather, the Court weighs "the degree of the spoliator's culpability against the prejudice to the opposing party." *Id.*

Here, the Defendant failed to take reasonable steps to preserve the website data, and the Defendant failed to produce the key witness regarding the website content and modifications so that the witness could be cross-examined. The evidence also shows that modifications to the archived website data were made after the link to archived website was provided to the Plaintiff. The Court further finds that Defendant Amber Shanks' testimony at the hearing lacked credibility in light of the fact that the veracity of her affidavit was called into question at the hearing.

The fourth factor, the potential for abuse if sanctions are not imposed, is satisfied since the website is the crux of the Plaintiff's case. Absent evidence of the website as it existed before the Defendants received notice, Plaintiff would be greatly impeded in proving a trademark infringement and settlement agreement violation to the jury. Thus, the Court finds there is potential for abuse if sanctions are not imposed.

District courts have broad discretion when imposing sanctions for spoliation. *Flury*, 427 F.3d at 944. This power is derived from the inherent power of the court "to manage its own affairs and to achieve the orderly and expeditious disposition of cases." *Id.* Although courts have broad discretion in imposing sanctions, the most severe sanctions, such as the dismissal of the case or the striking of the answer and the entry of default judgment, should only be utilized where bad faith has been shown and where lesser sanctions would not be adequate. *Id.*

## III. <u>CONCLUSION</u>

For the above reasons, Plaintiff Instant One Media's Motion for Sanctions [Doc. 29] is **GRANTED**. Although a sanction for spoliation of evidence is warranted, the Court finds that the spoliation can be cured by a sanction less severe than striking Defendant's answer and the entry of default judgment. Considering the degree of prejudice to the Plaintiff and the Defendants' culpability, the Court will allow the jury to be informed that the Defendants are responsible for the loss of the archived website data and that there is a rebuttable presumption that had the data been preserved that it would have shown product listings on the website that violated Plaintiff's trademark rights, as well as violated the settlement agreement between the parties.

The parties have 30 days from the date of the Order to file dispositive motions.

**IT IS SO ORDERED**, this 28th day of January 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE