IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Instant One Media, Inc.**, <br><br> Plaintiff, <br><br> v. <br><br><br> **EzFauxDecor, LLC** and **Amber Shank,** <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:19-cv-00540-WMR |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

This lawsuit was filed by the Plaintiff regarding the use of its trademarks "Instant Granite" and "Instant Stainless." Previously, the Defendants had the right of use to these trademarks and had sued the Plaintiff for violation of the Defendants' rights. To settle that lawsuit, the Plaintiff here paid to the Defendants $175,000.00 and received ownership of the trademarks. As a part of such settlement agreement, Defendants ostensibly agreed to no longer use the trademarks.

Sometime thereafter, the Plaintiff discovered that the Defendants nonetheless continued to utilize the trademarks in the Defendants' web-based

marketing of the Defendants' products, specifically on Amazon and on the Defendants' own website. The Defendants claim that its continued use of the trademarks was unintentional, and in any event, that the Plaintiff suffered no damages therefrom. The Defendants further contend that any benefit that the Defendants received in using the Plaintiff's trademarks was de minimis. The Plaintiff, not surprisingly, does not agree.

In filing its Complaint against the Defendants, the Plaintiff brings two claims. First, it asserts that the Defendants breached the settlement agreement executed between the Plaintiff and Defendants which resolved the original lawsuit. Plaintiff claims that it lost sales of its products, which presumably were instead appropriated by the Defendants, due to the Defendants' use of the trademarks. Plaintiff also claims that it spent certain monies to mitigate any confusion created in the marketplace by the Defendants' unauthorized use of the trademarks. Plaintiff seeks damages both for its lost sales and its mitigation expenses.

Second, Plaintiff asserts a claim for trademark infringement against the Defendants under Federal law. As a consequence thereof, the Plaintiff seeks an accounting from the Defendants and a disgorgement of profits which the Defendants purportedly realized by their alleged use of the Plaintiff's trademarks.

Discovery has now ended, and both the Plaintiff and Defendants have filed partial motions for summary judgments [Doc 71 and Doc 74]. Plaintiff seeks a summary judgment as to Defendants' liability for breach of contract and on the claim of trademark infringement, leaving the type and amount of damages for trial determination. The Defendants do not agree. Rather, the Defendants similarly seek an order of partial summary judgment against the Plaintiff claiming that the Plaintiff cannot show that there has been a trademark infringement, and further, while seemingly conceding that there may have been a breach of contract, asking the Court to limit any damages which the Plaintiff might recover for a breach of contract to only "nominal" amounts.

After review of the motions filed by the parties, all supporting pleadings and evidence submitted, and considering of the law applicable to this dispute, this Court concludes that the Plaintiff is entitled to an award of partial summary judgment against the Defendants as it relates to liability on the Defendants' breach of contract by using the trademarks in violation of the settlement agreement. The Court cannot at this time decide as a matter of law the type or amount of damages which the Plaintiff might recover in that regard and, thus, reserves the issue of damages on the breach of contract claim for trial. Defendants' Motion for Partial Summary Judgment asking the Court to

limit to "nominal" damages the amount they might be liable on the Plaintiff's breach of contract is herein denied.

As it relates to both the Plaintiff's Motion for Partial Summary Judgment for trademark infringement against the Defendants, as well as Defendants' Motion for Partial Summary Judgment for trademark infringement, the Court concludes that genuine issues of material fact remain for trial. It will be up to the trier of fact, presumably the Court itself since the Plaintiff does not seek actual damages, but only seeks a disgorgement of profits allegedly appropriated by the Defendants, to determine whether there has been a trademark infringement and, if so, what amount of damages (if any) the Plaintiff would recover should its claim succeed. Thus, both the Plaintiff's Motion for Partial Summary and the Defendants' Motion for Partial Summary Judgment as it relates to the trademark infringement claim are herein denied.

In issuing this written ruling on these motions, the Court hereby notifies the parties that it is cancelling the hearing originally scheduled for April 21, 2020. The parties are directed to prepare and file their pretrial order with the Court within thirty (30) days of the docketing of this Order.

This 18th day of March, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE