# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC** and **AMBER SHANK**, Defendants. | Civil Action Number 1:19-cv-00540-WMR  **PRETRIAL ORDER** Conference is requested |

## PRETRIAL ORDER

### 1.

There are no motions or other matters pending for consideration by the court except as noted:

There are no motions or other matters pending for consideration.

### 2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

All discovery has been completed and no additional depositions are needed.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

All parties shown in the caption are correct and complete.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately.)

There is no question as to the jurisdiction of the court.  Jurisdiction is based on 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:      Sam Han.

Defendant:   Paul Hentzen.

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

<u>None</u>.

7.

The captioned case shall be tried to a jury.

8.

State whether the parties request that the trial to a jury be bifurcated, *i.e.* that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

<u>No bifurcation requested</u>.

9.

Attached hereto as Attachment "A" and made a part of this order by

reference are the questions which the parties request that the court propound to the

jurors concerning their legal qualifications to serve.

<u>None (other than what is customarily asked by the Court)</u>.

10.

Attached hereto as Attachment "B-1" are the general questions which

plaintiff wishes to be propounded to the jurors on *voir dire* examination.

Attached hereto as Attachment "B-2" are the general questions which

defendant wishes to be propounded to the jurors on *voir dire* examination.

The court, shall question the prospective jurors as to their address and

occupation and as to the occupation of a spouse, if any.  Counsel may be permitted

to ask follow-up questions on these matters.  It shall not, therefore, be necessary

for counsel to submit questions regarding these matters.  The determination of

whether the judge or counsel will propound general *voir dire* questions is a matter

of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's *voir dire* questions: <u>Defendants object to</u>
<u>Plaintiff's questions 11 and 12. The questions are argumentative, unduly</u>
<u>suggestive, and mischaracterize evidence that has not yet been presented</u>.

State any objections to defendant's *voir dire* questions: <u>None</u>.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury
consisting of not less than six (6) members, unless the parties stipulate otherwise.
The parties must state in the space provided below the basis for any requests for
additional strikes.  Unless otherwise directed herein, each side as a group will be
allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870.
<u>See</u> Fed. R. Civ. P. 47(b).

<u>No additional strikes requested</u>.

13.

State whether there is any pending related litigation.  Describe briefly,
including style and civil action number.

<u>None pending</u>.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied

upon as creating a defense shall be listed under a separate heading. For any

counterclaim, the defendant shall separately provide the following information for

each item of damage claimed: (a) a brief description of the item claimed; (b) the

dollar amount claimed; and (c) a citation to the law, rule, regulation, or any

decision authorizing a recovery for that particular item of damage. Items of

damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties.

No further evidence will be required as to the facts contained in the stipulation and

the stipulation may be read into evidence at the beginning of the trial or at such

other time as is appropriate in the trial of the case. It is the duty of counsel to

cooperate fully with each other to identify all undisputed facts. A refusal to do so

may result in the imposition of sanctions upon the noncooperating counsel.

17.

The legal issues to be tried are as follows:

(a)     Whether Defendants infringed Plaintiff's trademarks.

(b)     Whether Plaintiff suffered actual monetary damages from Defendants'

infringement of Plaintiff's trademarks.

(c)     Whether Defendants' infringement of Plaintiff's trademarks was willful and deliberate.

(d)     Whether Plaintiff is entitled to Defendants' profits.

(e)     Whether Plaintiff suffered actual monetary damages from Defendants' breach of contract?

(f)     Whether Defendants have acted in bad faith, been stubbornly litigious, or caused Plaintiff unnecessary trouble and expense such that Plaintiff should be allowed to recover the expenses of litigation.


18.

Attached hereto as Attachment "F-1" for the plaintiff and Attachment "F-2" for the defendant are the lists of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff and "G-2" for the defendant are the typed lists of all documentary and physical evidence that will be tendered at trial.  Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each party's list must be submitted for use by the

judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial.  Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:  <u>None (except for purposes of impeachment (see Attachments G-1 and G-2))</u>.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted.  Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff and "H-2" for the defendant are any trial briefs which counsel may wish to file containing citations to

legal authority concerning evidentiary questions and any other legal issues which

counsel anticipate will arise during the trial of the case.  Limitations, if any,

regarding the format and length of trial briefs is a matter of individual practice

which shall be established by each judge.

  <u>None</u>.


22.

  In the event this is a case designated for a jury trial, requests for charge must

be submitted no later than 9:30 a.m.  on the date on which the case is calendared

(or specially set) for trial.  Requests which are not timely filed and which are not

otherwise in compliance with LR 51.1, will not be considered.  In addition, each

party should attach to the requests to charge a short (not more than one (1) page)

statement of that party's contentions, covering both claims and defenses, which the

court may use in its charge to the jury.

  Counsel are directed to refer to the latest edition of the Eleventh Circuit

District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's

Federal Jury Practice and Instructions in preparing the requests to charge.  For

those issues not covered by the Pattern Instructions or Devitt and Blackmar,

counsel are directed to extract the applicable legal principle (with minimum

verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

<u>No additional time beyond 30-minutes needed for argument</u>.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on <u>2019-AUG-13</u>, to discuss in good faith the possibility of settlement of this case.  The court <u>has not</u> discussed settlement of this case with counsel.  It appears at this time that there is <u>little possibility of settlement</u>.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require <u>three (3)</u> days to present its evidence.  The defendant estimates that it will require <u>one (1)</u> day to present its evidence.  It is estimated that the total trial time is <u>four (4)</u> days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case <u>approved by the court after conference with the parties</u>.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20_____.


_____
Hon. William M. Ray, II
United States District Judge

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Respectfully submitted, 2020-APR-17.

/s/ Daniel E.  DeWoskin
Daniel E.  DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff
DeWoskin Law Firm, LLC
535 N.  McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S.  Han
Sam S.  Han
Georgia Bar No. 322284
Counsel for Plaintiff
DeWoskin Law Firm, LLC
535 N.  McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

/s/ Paul K. Hentzen
Paul K.  Hentzen
Missouri Bar No. 50754
Admitted *Pro Hac Vice*
Counsel for Defendants
Krigel & Krigel, P.C.
4520 Main Street
Suite 700
Kansas City, MO 64111
(816) 756-5800
phentzen@krigelandkrigel.com

/s/ Samuel S.Woodhouse
Samuel S. Woodhouse
Georgia Bar No. 755070
Co-Counsel for Defendants
The Woodhouse Law Firm, LLC
260 Peachtree Street NW, Suite 1402
Atlanta, GA 30303-1237
(404) 214-7200

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC, *et al.*,** Defendants. | Civil Action Number 1:19-cv-00540-WMR **CERTIFICATE OF SERVICE** |

## <u>CERTIFICATE OF SERVICE</u>

The parties certify that the **Pretrial Order** (with all of the required

attachments) was filed using the Court's CM/ECF system, which will send

notification of such filing to all counsel of record in this matter.

Respectfully submitted, 2020-APR-17.

<u>/s/ Daniel E. DeWoskin</u>
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff
dan@atlantatrial.com

<u>/s/ Sam S. Han</u>
Sam S. Han
Georgia Bar No. 322284
Counsel for Plaintiff
DeWoskin Law Firm, LLC
535 N.  McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

<u>/s/ Paul K. Hentzen</u>
Paul K. Hentzen
Missouri Bar No. 50754
Admitted *Pro Hac Vice*
Counsel for Defendants
Krigel & Krigel, P.C.
4520 Main Street
Suite 700
Kansas City, MO 64111
(816) 756-5800
phentzen@krigelandkrigel.com

## **Attachment B-1: Plaintiff's General Questions for *Voir Dire***

The general questions which plaintiff wishes to be propounded to the jurors on *voir dire* examination are:

(1)     What is your level of education?

(2)     Have you ever been self-employed?

(3)     Have you ever operated a small business?

(4)     Do you have any experience buying or selling products on Amazon or eBay or other online vendor?

(5)     Have you ever conducted an online search before purchasing a product?

(6)     Are you familiar with home improvement or do-it-yourself (DIY) products?

(7)     Are you familiar with either "Instant Stainless" or "Instant Granite?"

(8)     Are you familiar with trademarks or other intellectual property?

(9)     Have you ever entered into a formal contract?

(10)   Have you ever paid for something that you never received?

(11)   Has anyone ever broken a promise to you?

(12)   Have you ever caught someone trying to cover up a lie?

(13)   Have you ever been a party to a lawsuit?

## **Attachment B-2: Defendants' General Questions for *Voir Dire***

The general questions which defendants wish to be propounded to the jurors on *voir dire* examination are: <u>None</u>.

## <u>Attachment C: Plaintiff's Outline of the Case</u>

### *Succinct Factual Summary of Plaintiff's Causes of Action*

<u>Background</u>

Previously, Defendants (EZFauxDecor LLC and Amber Shank) sued Instant One Media, Inc. (among others) ("Prior Lawsuit").  That Prior Lawsuit was mediated on or about 2017-JUN-22 ("Mediation").  The Mediation ended with all parties signing a Memorandum of Settlement Agreement ("Settlement Agreement").  In the Settlement Agreement, Instant One Media, Inc. ("IOM") agreed to pay (and indeed paid) $175,000 without admitting any liability to Defendants.  Further, in the Settlement Agreement, Defendants agreed not to use the phrase "instant granite" or "instant stainless" unless separated by at least two words that do not describe a color ("Prohibited Phrases").  Also, in the Settlement Agreement, Defendants acknowledged that IOM owns trademarks in "Instant Granite" and "Instant Stainless" for use in connection with Instant One Media's business and agreed to not oppose the federal registration of those marks.

<u>Breach of Contract</u>

Shortly after 2017-JUN-22, Defendants began using the Prohibited Phrases on Defendants' website, Defendants' Amazon storefront, and Defendants' eBay

storefront, all in violation of the Settlement Agreement.  Defendants' breach of contract caused actual monetary damages to IOM of no less than $314,350.40.

Trademark Infringement

Defendants' unauthorized use of "instant granite" and "instant stainless" also resulted in trademark infringement, for which the only genuine issue whether or not there exists a likelihood of confusion.  Defendants' trademark infringement caused actual monetary damages to IOM of no less than $314,350.40.  The undisputed facts show that: (1) IOM's marks are suggestive and, therefore, strong; (2) Defendants' use of IOM's mark is identical in sound, appearance, and manner of use; (3) Defendants' products are similar to IOM's products; (4) the retail outlets and purchasers for both parties are similar; (5) the advertising media utilized by both parties is identical; (6) Defendants intentionally ignored potential for infringement and destroyed evidence; and (7) there was actual confusion.

Defendants' use of IOM's trademarks in connection with the sales of Defendants' products was both willful and deliberate, which entitles IOM to Defendants' profits from Defendants' gross sales of $439,164.15.

<u>Bad Faith, Stubborn Litigiousness, and Unnecessary Trouble and Expense</u>

Defendants were fully aware of their obligations under the Settlement Agreement.  Nevertheless, Defendants acted in bad faith in breaching the Settlement Agreement and infringing IOM's federally registered trademarks. Additionally, Defendants deliberately altered evidence without preserving the evidence, going so far as to "hide" their uses of the Prohibited Phrases.

Furthermore, throughout this lawsuit, Defendants stubbornly refused to admit that they used "instant granite" and "instant stainless."  When IOM requested that Defendants stipulate to facts that Defendants had previously admitted, Defendants refused, thereby causing unnecessary trouble and expense for IOM.

IOM seeks over $140,000 in attorneys' fees, costs, and expenses, which continue to accrue through trial.

***Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Cases***

(1)    15 U.S.C. § 1057

(2)    15 U.S.C. § 1114

(3)    15 U.S.C. § 1115

(4)    15 U.S.C. § 1117

(5)    O.C.G.A. § 13-6-1

(6)     O.C.G.A. § 13-6-2

(7)     O.C.G.A. § 13-6-6

(8)     O.C.G.A. § 13-6-11

(9)     *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 48 U.S.P.Q.2d 1151 (W.D.N.Y. 1998)

(10)    *Am. Television & Commc'ns Corp. v. Am. Commc'ns & Television, Inc.*,

        810 F.2d 1546 (11th Cir. 1987)

(11)    *Babbit Elecs., Inc. v. DynaScan Corp.*, 38 F.3d 1161 (11th Cir. 1994)

(12)    *Bauer Lamp v. Shaffer*, 941 F.2d 1165 (11th Cir. 1991)

(13)    *Boston Prof'l Hockey Ass'n v. Dallas Cap Mfg.*, 597 F.2d 71 (5th Cir. 1979)

(14)    *Bridgestone/Firestone North American Tire, LLC v. Campbell*,

        258 Ga. App. 767 (2002)

(15)    *Burger King Corp. v. Mason*, 855 F.2d 779 (11th Cir. 1988)

(16)    *Conagra, Inc. v. Singleton*, 743 F.2d 1508 (11th Cir. 1984)

(17)    *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962)

(18)    *Esprit Log & Timber Frame Homes, Inc. v. Wilcox*,

        302 Ga. App. 550 (2010)

(19)    *Frehling Enterprises v. Int'l Group Select*, 192 F.3d 1330 (11th Cir. 1999)

(20)    *Ideal World Mktg., Inc. v. Duracell, Inc.*, 997 F. Supp. 334 (E.D.N.Y. 1998)

(21)    *Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833 (11th Cir. 1983)

(22) *Knobeloch v. Mustascio*, 640 F. Supp. 124 (N.D. Ga. 1986)

(23) *LaRoche Industries, Inc. v. AIG Risk Management, Inc.*, 959 F.2d 189
(11th Cir. 1992).

(24) *North American Medical Corp. v. Axiom Worldwide*, 522 F.3d 1211 (11th
Cir. 2008)

(25) *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899 (11th
Cir. 2007)

(26) *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821
(11th Cir. 1982)

(27) *Oxford Indus. v. Hartmarx Corp.*, 15 U.S.P.Q.2d 1648 (N.D. Ill. 1990)

(28) *Prof'l Golfers Ass'n v. Bankers Life & Cas. Co.*, 514 F.2d 665
(5th Cir. 1975)

(29) *Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562 (11th Cir. 1986)

(30) *Roto- Rooter Corp. v. O'Neal*, 513 F.2d 44 (5th Cir. 1975)

(31) *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160
(11th Cir. 1982)

(32) *Storey v. Effingham County*, Case No. CV 415-149, *7 (S.D. Ga. 2017)

(33) *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)

(34) *University of Georgia Athletic Ass'n v. Laite*, 756 F.2d 1535 (11th Cir. 1985)

(35)  *Volkswagenwerk AG v. Rickard*, 492 F.2d 474 (5th Cir. 1974)

(36)  *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484

(11th Cir. 1987)

(37)  *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482

(5th Cir. 1971)

### *Damages*

(a)    Actual damages suffered by Plaintiff due to Defendants' breach of

contract = $314,350.40.  O.C.G.A. §§13-6-1 and 13-6-2; *Esprit Log & Timber*

*Frame Homes, Inc. v. Wilcox*, 302 Ga. App. 550 (2010).

(b)    Actual damages suffered by Plaintiff due to Defendants' infringement

of Plaintiff's trademarks = $314,350.40.  15 U.S.C. § 1117; *Babbit Elecs., Inc. v.*

*DynaScan Corp.*, 38 F.3d 1161, 1182 (11th Cir. 1994); *Ramada Inns, Inc. v.*

*Gadsden Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986).

(c)    Disgorgement of Defendants' profits for willful trademark

infringement = $439,164.15.  15 U.S.C. § 1117; *Wesco Mfg., Inc. v. Tropical*

*Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487-88 (11th Cir. 1987); *Burger*

*King Corp. v. Mason*, 855 F.2d 779, 781 (11th Cir. 1988); *Optimum Techs., Inc. v.*

*Home Depot U.S.A., Inc.*, 217 F. App'x 899 (11th Cir. 2007).

(d)     If no actual damages are awarded to Plaintiff and Defendants' profits are not awarded to Plaintiff, then nominal damages sufficient to cover the costs of bringing the action as determined by the enlightened conscience of fair and impartial jurors.  O.C.G.A. § 13-6-6.

(e)     Attorneys' fees for Defendants' bad faith, for Defendants' stubborn litigiousness, or for causing Plaintiff unnecessary trouble and expense = in excess of $141,750 (and continuing to accumulate up to the trial).  O.C.G.A. § 13-6-11; *Knobeloch v. Mustascio*, 640 F. Supp. 124 (N.D. Ga. 1986); *LaRoche Industries, Inc. v. AIG Risk Management, Inc.*, 959 F.2d 189 (11th Cir. 1992).

## **Attachment D: Defendants' Outline of the Case**

Defendant Amber Shank denies that she used Plaintiff's trademarks.

Defendant Ezfauxdecor, LLC denies that the limited and inadvertent occurrence of

Plaintiff's trademarks in its marketing materials caused any confusion in the

marketplace between Plaintiff's and Defendant's products. Defendants deny that

the occurrence of Plaintiff's trademarks in Defendant Ezfauxdecor, LLC's

marketing caused Plaintiff to suffer any actual damages.

Defendants deny that use of the terms "instant granite" and "instant

stainless" without the required separation language caused Plaintiff to suffer any

actual damages.


Illustrative case law:

*Burger King Corp. v. Mason*, 710 F.2d 1480, 1491 (11th Cir. 1983)

*Trilink Saw Chain, LLC v. Blount, Inc*, 583 F.Supp. 2d 1293, 1320 (N.D. Ga. 2008)

*Camel Hair Manufacturers Institute v. Saks Fifth Avenue,* 284 F.3d 302, 311 (1st

Cir. 2002)

*John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966, 978 (11th Cir. 1983)

*Federated Bank v. FDIC*, 645 Fed. Appx. 853, 859 (11th Cir. 2016)

## **Attachment E: Stipulated Facts**

The facts stipulated by the parties are:

Plaintiff Instant One Media, Inc., owns a federal registration of its "Instant Granite" trademark on the Principal Register.

Plaintiff Instant One Media, Inc., owns a federal registration of its "Instant Stainless" trademark on the Principal Register.

## <u>Attachment F-1: Plaintiff's Witness List</u>

Plaintiff will have the following witnesses at trial:

> Alison Smith, who can be contacted through Plaintiff's counsel at
> DeWoskin Law Firm, LLC
> 535 N.  McDonough Street
> Decatur, Georgia 30030
> (404) 987-0026
> sam@atlantatrial.com

> Sam Han, who can be contacted through Plaintiff's counsel at
> DeWoskin Law Firm, LLC
> 535 N.  McDonough Street
> Decatur, Georgia 30030
> (404) 987-0026
> sam@atlantatrial.com

Plaintiff may have the following witnesses at trial:

> Don Berglund, who can be contacted through Plaintiff's counsel at
> DeWoskin Law Firm, LLC
> 535 N.  McDonough Street
> Decatur, Georgia 30030
> (404) 987-0026
> sam@atlantatrial.com

> Amber Shank, who can be contacted through Defendants' counsel at
> Paul K. Hentzen
> Krigel & Krigel, P.C.
> 4520 Main Street
> Suite 700
> Kansas City, MO 64111
> (816) 756-5800
> phentzen@krigelandkrigel.com

## **Attachment F-2: Defendants' Witness List**

Defendants will have the following witnesses at trial:

Amber Shank, who can be contacted through Defendants' counsel at
Paul K. Hentzen
Krigel & Krigel, P.C.
4520 Main Street
Suite 700
Kansas City, MO 64111
(816) 756-5800
phentzen@krigelandkrigel.com

Alison Smith, who can be contacted through Plaintiff's counsel at
DeWoskin Law Firm, LLC
535 N.  McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

Defendants may have the following witness at trial:

Alex Mikael
67 W. 119th Street, Ste 208
Overland Park, KS 66209
913-738-6414

## <u>Attachment G-1: Plaintiff's Documentary and Physical Evidence</u>

**[0001]**    Memorandum of Settlement Agreement

**[0002]**    Preservation Letter from Instant One Media, Inc. ("IOM") to
EZFauxDecor, LLC ("EZFaux")

**[0003]**    IOM Trademark Registration 87225264 (Instant Granite)

**[0004]**    IOM Trademark Registration 87225288 (Instant Stainless)

**[0005]**    IOM Financial Documents

**[0006]**    Defendants' Initial Disclosures

**[0007]**    Defendant's Answers to First Interrogatories to Defendant
EZFauxDecor, LLC

**[0008]**    Defendant's Responses to First Requests for Production of Documents
to Defendant EZFauxDecor, LLC

**[0009]**    Defendant's Supplemental Response to Request for Production of
Documents Nos. 8 and 9

**[0010]**    Defendant's Second Supplemental Response to Request for
Production of Documents No. 9

**[0011]**    Defendants' eBay Sales Information (Financial)

**[0012]**    Defendants' Amazon Sales Information (Financial)

**[0013]**    Defendant's Responses to First Requests for Admissions to Defendant
EZFauxDecor, LLC

**[0014]**    Screen Capture of
http://www.ezfauxdecor.com/product-tag/**instant-granite**

**[0015]**    Screen Capture of
http://www.ezfauxdecor.com/product-tag/**instant-stainless**

**[0016]**     Screen Capture of
http://www.ezfauxdecor.com/tag/**instant-granite**-chestnut

**[0017]**     Screen Capture of http://www.ezfauxdecor.com/products

**[0018]**     Screen Captures of EZFauxDecor eBay page and all related product
pages for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=1

**[0019]**     Screen Captures of EZFauxDecor eBay page and all related product
pages for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=10

**[0020]**     Screen Captures of EZFauxDecor eBay page and all related product
pages for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=14

**[0021]**     Screen Captures of EZFauxDecor eBay page and all related product
pages for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=15

**[0022]**     Screen Captures of EZFauxDecor eBay page and all related product
pages for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=17

**[0023]**     Screen Captures of EZFauxDecor eBay page and all related product
pages for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=19

**[0024]**     Screen Capture of EZFauxDecor pre-litigation eBay page for
https://www.ebay.com/str/EzFauxDecor/**Instant-Stainless-Film-**
/_i.html?_storecat=19

**[0025]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=2

**[0026]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=3

**[0027]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=6

**[0028]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=11

**[0029]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=13

**[0030]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=18

**[0031]**     Screen Captures of EZFauxDecor eBay page and all related product pages for https://www.ebay.com/str/EzFauxDecor/**Instant-Granite**/_i.html?_storecat=20

**[0032]**     Screen Captures of EZFauxDecor Amazon listings for ASIN = B015JW4TRS

**[0033]**     Screen Captures of EZFauxDecor Amazon listings for ASIN =

B07MJ9B795

**[0034]**   Screen Captures of EZFauxDecor Amazon listings for ASIN = B00O05UCKY

**[0035]**   Screen Captures of IOM Amazon listing for Instant Granite Black Granite

**[0036]**   Screen Captures of IOM Amazon listing for Instant Granite Venetian Gold

**[0037]**   Screen Captures of EZFauxDecor eBay listings for eBay Item Number = 323330805256

**[0038]**   Screen Captures of EZFauxDecor eBay listings for eBay Item Number = 372357434559

**[0039]**   Screen Captures of IOM eBay listing for Instant Granite White Marble Countertop

**[0040]**   Deposition Transcript of Amber Shank (with Exhibits)

**[0041]**   Deposition Transcript of EZFauxDecor, LLC (with Exhibits)

**[0042]**   Email Message from Amber Shank to Alex Mikhael with the Subject "more problems" on 2018-FEB-21

**[0043]**   Email Message from Sam Han to Paul Hentzen with the Subject "Supplemental Responses to Defendants' First Request for Production of Documents" on 2019-AUG-26

**[0044]**   Defendants' Motion for Partial Summary Judgment with Statement of Uncontroverted Material Facts

**[0045]**   Defendants' Memorandum of Law in Support of Motion for Partial Summary Judgment

**[0046]**   Defendants' Responses to Plaintiff's Statements of Uncontroverted Material Fact

**[0047]**     Record of Time Entries, Fees, and Costs of Plaintiff's Counsel

**[0048]**     Order (Granting Sanctions for Spoliation), 2020-JAN-28

**[0049]**     Order Granting in Part and Denying in Part Plaintiff's Motion for
            Partial Summary Judgment and Denying Defendants' Motion for
            Partial Summary Judgment, 2020-MAR-18

## **Attachment G-2: Defendants' Documentary and Physical Evidence**

Defendants' list of documentary and physical evidence:

1. Email Shank to Mikael Jan. 28, 2018

2. Email Shank to Mikael Feb. 21, 2018

3. Email Shank to Mikael Nov. 13, 2018, 11:12 a.m.

4. Email Shank to Mikael Nov. 13, 2018, 12:52 a.m.

5. Email Mikael to Shank Nov. 13, 2018

6. Email Shank to Mikael Dec. 2, 2018

7. Email Hentzen to Mikael Jul. 10, 2019

8. Amazon report 6/16/17 to 4/10/19, Bates EZF000030-31

9. Ebay report, Bates EZF000032-34

10. Amazon report, Bates EZF000035-37

11. Amazon report, Bates EZF000038-39

12. Ebay report, Bates EZF000040-41

13. Ebay report, Bates EZF000042-43

14. Ebay report, Bates EZF000044-45

15. Ebay report Jun. 22, 2017 to Aug. 31, 2017, Bates EZF000047-52

16. Ebay report Sep. 1, 2017 to Nov. 29, 2017, Bates EZF000053-58

17. Ebay report Dec. 1, 2017 to Jan. 31, 2018, Bates EZF000059-64

18. Ebay report Feb. 1, 2018 to Feb. 28, 2018, Bates EZF000065-101

19. Ebay report Mar. 1, 2018 to Mar. 31, 2018, Bates EZF000102-142

20. Ebay report Apr. 1, 2018 to Apr. 30, 2018, Bates EZF000143-185

21. Ebay report May 1, 2018 to May 31, 2018, Bates EZF000186-224

22. Ebay report Jun. 1, 2018 to Jun. 30, 2018, Bates EZF000226-262

23. Ebay report Jul. 1, 2018 to Jul. 31, 2018, Bates EZF000263-301

24. Ebay report Aug. 1, 2018 to Aug. 30, 2018, Bates EZF000302-338

25. Ebay report Sep. 1, 2018 to Sep. 31, 2018, Bates EZF000339-373

26. Ebay report Oct. 1, 2018 to Oct. 30, 2018, Bates EZF000374-417

27. Ebay report Nov. 1, 2018 to Nov. 31, 2018, Bates EZF000418-437

28. Ebay report Dec. 1, 2018 to Dec. 31, 2018, Bates EZF000438-455

29. Ebay report Jan. 1, 2019 to Jan. 31, 2019, Bates EZF000456-466

30. Ebay report Feb. 1, 2019 to Feb. 28, 2019, Bates EZF000467-476

31. Ebay report Mar. 1, 2019 to Mar. 31, 2019, Bates EZF000477-489

32. Ebay report Apr. 1, 2019 to Apr. 30, 2019, Bates EZF000490-500

33. Amazon ASIN report, 6/22/2017-12/2/2017, Bates EZF000529-628

34. Settlement Agreement, June 22, 2017

## **Attachment I-1: Plaintiff's Proposed Jury Verdict Form**

***PLAINTIFF'S CLAIM FOR TRADEMARK INFRINGEMENT***

Do you find by a preponderance of the evidence that:

**1**.      Defendants Amber Shank and EZFaux Décor, LLC's use of "Instant Granite" caused a likelihood of confusion with Plaintiff Instant One Media, Inc.'s trademark?

**Answer Yes or No**:      _____.

Continue to question 2.


**2**.      Defendants' use of "Instant Stainless" caused a likelihood of confusion with Plaintiff's trademark?

**Answer Yes or No**:      _____.

If your answer is "No" to <u>both</u> questions 1 and 2, then go to question 9.

If your answer is "Yes" to <u>either</u> questions 1 or 2, then continue to question 3.


**3**.      Plaintiff has suffered actual monetary damages?

**Answer Yes or No**:      _____.

Continue to question 4.

**4**.     If your answer is "Yes," in what amount?

$_____.

Continue to question 5.

**5**.     Defendants' conduct was willful and deliberate?

**Answer Yes or No**:        _____.

Continue to question 6.

**6**.     If your answer is "Yes," in what amount?

$_____.

If your answer is "Yes" to <u>either</u> questions 3 or 5, then go to question 9.

If your answer is "No" to <u>both</u> questions 3 and 5, then continue to question 7.

**7**.     Plaintiff has not proved any actual monetary damages nor have Defendants'

profits been awarded, but Plaintiff is awarded nominal damages?

**Answer Yes or No**:        _____.

Continue to question 8.

**8**.    If your answer is "Yes," in what amount?

$_____.

Continue to question 9.

### *[CONTINUED ON NEXT PAGE]*

### *PLAINTIFF'S CLAIM FOR DAMAGES RESULTING FROM BREACH OF CONTRACT*

**9**.     Plaintiff has suffered actual monetary damages from Defendants' breach of contract?

**Answer Yes or No**:          _____.

If your answer is "No" to question 9, then go to question 11.

If your answer is "Yes" to question 9, then continue to question 10.


**10**.     If your answer is "Yes," in what amount?

$_____.

Go to question 13.


**11**.     Plaintiff has not proved any actual monetary damages for the breach of contract, but Plaintiff is awarded nominal damages?

**Answer Yes or No**:          _____.

Continue to question 12.

**12**.    If your answer is "Yes," in what amount?

$_____.

Continue to question 13.

### *[CONTINUED ON NEXT PAGE]*

*PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES, COSTS, AND EXPENSES*

*OF LITIGATION*

**13**.    Defendants have acted in bad faith, been stubbornly litigious, or caused

Plaintiff unnecessary trouble and expense such that Plaintiff should be allowed to

recover the expenses of litigation?

**Answer Yes or No**:        _____.


**14**.    If your answer is "Yes," in what amount?

$_____.


**SO SAY WE ALL**.


_____

Foreperson's Signature

*[END DOCUMENT]*

## <u>Attachment I-2: Defendants' Proposed Jury Verdict Form</u>

***PLAINTIFF'S CLAIM FOR TRADEMARK INFRINGEMENT***

Do you find by a preponderance of the evidence that:

**1**.     Defendant EZFauxdecor, LLC's used Plaintiff Instant One Media, Inc.'s trademarks "Instant Granite" or "Instant Stainless" to market Defendant's products?

> **Answer Yes or No**:     _____.

If your answer is "No", then go to question 6.

If your answer is "Yes", then continue to question 2.

**2**.     Defendant EZFauxdecor, LLC's use of "Instant Stainless" or "Instant Granite" caused a likelihood of confusion in the marketplace between Plaintiff's products and EZFauxdecor, LLC's products?

> **Answer Yes or No**:     _____.

If your answer is "No", then go to question 6.

If your answer is "Yes", then continue to question 3.

> ***[CONTINUED ON NEXT PAGE]***

**3**.     Plaintiff suffered actual monetary damages as a result of Defendant

EZFauxdecor, LLC's use of "Instant Stainless" or "Instant Granite"?

      **Answer Yes or No**:     _____.

Continue to question 4.

**4**.     If your answer is "Yes," in what amount?

      $_____.

Continue to question 5.

**5**.     Defendants' conduct was willful and deliberate?

      **Answer Yes or No**:     _____.

Continue to question 6.

*[CONTINUED ON NEXT PAGE]*

*PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT*

**6.**      Plaintiff has suffered actual monetary damages as a direct result of

Defendants' breach of the Settlement Agreement?

            **Answer Yes or No**:        _____.

If your answer is "Yes" to question 6, then continue to question 7.


**7.**      If your answer is "Yes," in what amount?

            $_____.



                              **SO SAY WE ALL**.


                              _____
                              Foreperson's Signature


                              *[END DOCUMENT]*