## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC**, *et al*., Defendants. | Civil Action Number 1:19-cv-00540-WMR |

## PLAINTIFF'S MEMORANDUM ON O.C.G.A. § 13-6-11

On 2020-Jun-17, during the Pretrial Conference,[1] the Court permitted Plaintiff to brief the following two (2) issues:

(A)     Whether or not a jury can award litigation expenses pursuant to O.C.G.A. § 13-6-11 for a <u>federal</u> claim.

(B)     Whether or not Defendants' actions <u>during litigation</u> (*e.g.*, altering evidence, stubborn refusal to admit, refusal to stipulate to facts that were previously admitted, *etc.*) are relevant under O.C.G.A. § 13-6-11.

## I.     LEGAL AUTHORITY

### A.     *Fees Are Proper Under O.C.G.A. § 13-6-11 Even When Only a Federal Claim Is Submitted to the Jury*

"There is no requirement that a viable state law claim exist in order for the jury to award litigation expenses pursuant to O.C.G.A. § 13-6-11.  Rather, O.C.G.A. § 13-6-11 constitutes a vehicle for the collection of attorney fees <u>even</u>

when only a federal law claim for damages is submitted to the finder of fact."[2]

Clearly, Georgia law permits recovery under O.C.G.A. § 13-6-11 for federal claims (such as Plaintiff's trademark claim).

### B. Under O.C.G.A. § 13-6-11, Defendants' Behavior During Litigation Is Relevant in Establishing That the Work of Plaintiff's Counsel Is Reasonable

Under O.C.G.A. § 13-6-11, Defendants' conduct during litigation is relevant in establishing the reasonableness of the work performed by Plaintiff's counsel.

To be clear, under O.C.G.A. § 13-6-11, there are at least two (2) separate issues: (a) first, whether Defendants acted in bad faith; and, if so, then (b) second, whether the award of fees to Plaintiff is reasonable.  Evidence of Defendants' conduct during litigation (*e.g.*, deliberate alteration of evidence, refusal to admit what should plainly be admitted, refusal to stipulate to prior admissions, *etc.*) is relevant and admissible for the second issue (not necessarily for the first issue).[3]

Under O.C.G.A. § 13-6-11, Plaintiff's counsel is required to show that the

---

[1]   Doc. 92, filed 2020-Jun-17.

[2]   *Fulton County v. Legacy Inv. Group, LLC*, 296 Ga. App. 822, 827 (2009) (emphasis supplied).

[3]   To avoid any doubt, Plaintiff's evidence shows both: (a) Defendants' bad faith in breaching the contract and infringing Plaintiff's trademarks (the first issue); and (b) Defendants' bad acts that necessitated the work done and fees incurred by Plaintiff.

fees and expenses are reasonable.[4]  Consequently, if wrongful acts by Defendant necessitated extra or excessive work for Plaintiff, then the fees for that extra work should be recoverable by Plaintiff.[5]  As noted by one commentator, "[o]f course, if bad acting occurs <u>during the litigation</u>, the amount of the O.C.G.A. § 13-6-11 claim may be increased because the work attributed to the prevailing claim may be more."[6]  Consistent with this principle, the Court of Appeals of Georgia has upheld an award of attorney's fees that exceeded the actual judgment when the defendant "denied <u>all liability</u> for <u>any amount</u> of damages and was intractable in its position <u>prior to, during, and after the trial</u>"[7] (similar to how Defendants have denied all liability in this case).

At bottom, under O.C.G.A. § 13-6-11, Defendants' behavior <u>during litigation</u>

---

[4]  *Eways v. Georgia R.R. Bank*, 806 F.2d 991 (11th Cir. 1986), citing *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815 (1981) ("an award for litigation expenses under O.C.G.A. § 13-6-11 must be supported by evidence that the expenses were reasonable").

[5]  See, *e.g.*, ICLE Program Materials on Abusive Litigation, 2019-Feb-14, Penland on O.C.G.A. § 13-6-11, p. 53, available from the State Bar of Georgia ("The applicant must prove that the extra or excessive work was necessitated by the specific wrongful acts of the respondent" (citing *Connolly III et al. v. Smock*, A16A0741 (September 30, 2016))).  It is also worthwhile to note that "all expenses of the litigation proximately related to the pending claim should be recoverable, <u>including expenses of</u> in-house counsel and <u>travel necessitated by the litigation</u>."  *Salsbury Labs, Inc. v. Merieus Labs, Inc.*, 735 F. Supp. 1555 (M.D. Ga. 1989), *aff'd.*, 908 F.2d 706 (11th Cir. 1990).

[6]  *Id*., p. 5.

[7]  *Beaudry Ford, Inc. v. Bonds*, 139 Ga. App. 230, 231 (1976).

3

is both relevant and admissible.

## II.    CONCLUSION

The law is clear: (a) a jury can award litigation expenses under

O.C.G.A. § 13-6-11 for a federal claim (even if no viable state claim exists); and

(b) evidence of Defendants' conduct <u>during litigation</u> is relevant and admissible

under O.C.G.A. § 13-6-11.

Respectfully submitted, 2020-Jun-18.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, <br> Plaintiff, <br> v. <br> **EZFAUXDECOR, LLC,** *et al.*, <br> Defendants. | Civil Action Number <br> 1:19-cv-00540-WMR <br><br> **CERTIFICATE OF COMPLIANCE PURSUANT TO LR 7.1D** |

## CERTIFICATE OF COMPLIANCE PURSUANT TO LR 7.1D

The undersigned counsel hereby certifies that **PLAINTIFF'S**

**MEMORANDUM ON O.C.G.A. § 13-6-11** has been prepared using one of the

font and point selections approved in LR 5.1 NDGa.

Respectfully submitted, 2020-Jun-18.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, <br> Plaintiff, <br> v. <br> **EZFAUXDECOR, LLC,** *et al*., <br> Defendants. | Civil Action Number <br> 1:19-cv-00540-WMR <br><br> **CERTIFICATE OF FILING AND SERVICE** |

## CERTIFICATE OF FILING AND SERVICE

Plaintiff certifies that **PLAINTIFF'S MEMORANDUM ON**

**O.C.G.A. § 13-6-11** was filed using the CM/ECF system, which will send

notification of such filing to all counsel of record in this matter.

Respectfully submitted, 2020-Jun-18.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

6