**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC**, *et al*., Defendants. | Civil Action Number 1:19-cv-00540-WMR |

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR DELIBERATE AND ONGOING SPOLIATION OF TRIAL EVIDENCE AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**

COMES NOW Plaintiff, Instant One Media, Inc. ("IOM"), and files Plaintiff's Motion for Sanctions Against Defendants for Deliberate and Ongoing Spoliation of Trial Evidence ("Motion for Sanctions") and Memorandum in Support of Plaintiff's Motion ("Memorandum"), showing the Court as follows:

**I.   INTRODUCTION**

Despite prior sanctions for spoliation, Defendants continue to deliberately and maliciously alter <u>trial evidence</u> that is within Defendants' control.  This flagrant disregard of Defendants' obligation in the face of this Court's prior admonition requires the harshest of sanctions.  The Court should, therefore:

(a)   STRIKE Defendants' Answer and Affirmative Defenses ("Answer");

(b)   ENTER Default Judgment against Defendants, holding Defendants liable on all Counts;

(c)   PERMANENTLY ENJOIN Defendants for their ongoing violation of IOM's federally registered trademarks; and

(d)   allow IOM to proceed to trial on only the amount of damages.

1

## II.     CONTROLLING LEGAL AUTHORITY

### A.     *Controlling Legal Authority on the Importance of Meta Tags and Electronic Data to Show Trademark Infringement*

Under the plain meaning of the language of the Lanham Act, the use of trademarks as meta tags as part of an effort to promote and advertise products on the Internet constitutes a use in commerce in connection with the advertising of any goods.[1]  Thus, under Eleventh Circuit precedent, for such a use the court can "readily conclude that plaintiffs have satisfied that (1) they possessed a valid mark, (2) that the defendant used the mark, (3) that the defendant's use of the mark occurred 'in commerce,' and (4) that the defendant used the mark 'in connection with the sale . . . or advertising of any goods.'"[2]

### B.     *Controlling Legal Authority on Sanctions for Spoliation*

This Court's prior Order sets forth the legal standard for spoliation, namely, "the Eleventh Circuit has instructed courts to consider: (1) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured; (2) the practical importance of the evidence; (3) whether the spoliating party acted in bad faith; and (4) the potential for abuse if

---

[1]  *North American Medical Corp. v. Axiom Worldwide*, 522 F.3d 1211, 1219 (11th Cir. 2008) ("The facts of the instant case are absolutely clear that Axiom used NAM's two trademarks as meta tags as part of its effort to promote and advertise its products on the Internet.  Under the plain meaning of the language of the statute, such use constitutes a use in commerce in connection with the advertising of any goods").

[2]  *North American Medical Corp.*, 522 F.3d at 1219.

sanctions are not imposed."[3]

The Court further noted that "the most severe sanctions, such as the dismissal of the case or the striking of the answer and the entry of default judgment, should only be utilized where bad faith has been shown and where lesser sanctions would not be adequate."[4]

IOM now turns to the undisputed facts, which show Defendants' deliberate and malicious spoliation of evidence in complete disregard for this Court's prior Order.

## III. FACTS

### A. *Defendants Were Previously Sanctioned for Identical Conduct and, Thus, Were on Notice of Their Ongoing Obligation to Preserve Evidence in Their Custody and Control.*

On 2020-Jan-29, Defendants were sanctioned by this very Court for identical behavior, namely, intentional spoliation of evidence that was solely within Defendants' custody and control.[5] In that prior Order, the Court found that: (a) "Plaintiff has been prejudiced as a result of the destruction of evidence and that the prejudice cannot be cured";[6] (b) "the second factor, the practical importance of the evidence, is also satisfied";[7] (c) "there is sufficient circumstantial evidence of

---

[3] Order, 2020-Jan-28, Doc. 79, p. 3, citing *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1307 (11th Cir. 2018).

[4] *Id.*, p. 5, citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).

[5] Order, 2020-Jan-28, Doc. 79.

[6] *Id.*, p. 3.

[7] *Id.*, p. 4.

defendant's intent to destroy the evidence";[8] and (d) "there is potential for abuse if sanctions are not imposed."[9]

Consequently, Defendants were fully aware of their obligations to preserve crucial evidence.

### B. The Now-Altered Evidence Is the Very Trial Evidence That IOM Identified in The Parties' Consolidated Pretrial Order

On 2020-Apr-17, IOM and Defendants (collectively, "Parties") submitted their joint proposed Pretrial Order[10] in which IOM expressly listed as its trial exhibits: (a) numerous Universal Resource Locators ("URLs") from Defendants' eBay store catalog;[11] and (b) numerous URLs from Defendants' Amazon store.[12]

In addition to providing a <u>list</u> of IOM's trial exhibits,[13] in accordance with this Court's Minute Order for the hearing on 2020-Jun-17[14] IOM provided to Defendants a <u>printed copy</u> of Plaintiff's trial exhibits.[15] Furthermore, IOM expressly informed Defendants of IOM's intent to use the <u>live sites</u> at trial.[16]

---

[8] *Id.*, p. 3.
[9] *Id.*
[10] Pretrial Order, 2020-Apr-17, Doc. 87.
[11] *Id*, Attachment G-1, Plaintiff's Trial Exhibit Numbers 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 37, and 38.
[12] *Id*, Plaintiff's Trial Exhibit Numbers 32, 33, and 34.
[13] Pretrial Order, 2020-Apr-17, Doc. 87.
[14] Minute Entry, 2020-Jun-17, Doc. 92.
[15] Email from Plaintiff's Counsel to Defendants' Counsel, 2020-Jul-15, attached hereto as Exh. A ("You should also have received (by now) eight (8) separate email messages with all of our exhibits (in PDF format)").
[16] *Id.* ("although we are providing the PDF file, we intend to use the live site at trial (in addition to the PDF files)").

Thus, as of 2020-Jul-15, Defendants knew with certainty that: (a) they had an obligation to preserve evidence; and (b) their <u>live</u> eBay and Amazon sites constituted crucial trial evidence.

### C.     *The Contents of These Live Sites Were Controlled by Defendants*

Because IOM had no access to Defendants' accounts, IOM had no ability to document the ongoing changes to Defendants' live eBay or Amazon sites; IOM could only save discrete screen captures of the contents of those URLs from time to time.  On the other hand, Defendants controlled the contents of the URLs. Specifically, during Defendants' sworn deposition and referring to IOM's Trial Exhibits 23 and 24 (Defendants' eBay pages), Amber Shank testified under oath:

> Q.   Okay. And that is under the URL ebay.com/str/**ezfauxdecor/instant-stainless**-film-/_i.html?_storecat=19?
>
> A.   Correct.  And I guess I'm confused as to where these store categories came from, **because I listed** under like home improvement, wallpaper.
>
> Q.   **Who controls what goes on that website**?
>
> A.   Well, **the gal that I had doing all my listings**, Cindy Walter.[17]

Thus, Defendants clearly: (a) had the ability to preserve the trial exhibits (or at a minimum document any changes that Defendants made to the contents of those trial exhibits); but (b) failed to preserve that evidence.

---

[17]  Deposition of Amber Shank, 2019-Aug-12, Doc. 61, p. 306, lines 2-10 ("306:2-306:10" (emphasis supplied).

5

### D. *The Live Contents of the eBay and Amazon Stores Constitute Crucial Trial Evidence That Supports Directly IOM's Claims for Willful Infringement, Injunctive Relief, and Bad Faith Damages*

The live sites on both eBay and Amazon (and how precisely the underlying data to those sites have changed over time) constitute direct evidence of Defendants' deliberate, ongoing, and malicious use of the prohibited phrases in commerce. Furthermore, the meta tags provide evidence of Defendants' attempts to hide their prohibited uses. None of this is possible with only the screen captures or printouts of these sites (as shown in Exhs. C, D, and E). Consequently, the now-changed meta tags were crucial to proving Counts III (willfulness), IV (irreparable harm), and VI (bad faith) of IOM's Complaint.[18]

### E. *Defendants' Failure to Preserve the Meta Tags and Underlying Electronic Data from the Live Sites Makes It Impossible to Cure the Prejudice That Is Caused by the Now-Missing Information*

Despite being shown the trial exhibit, and despite being provided with a direct link to the URL that showed items being sold under that URL,[19] Defendants falsely insisted that the URLs "[we]re not connected with any current listing"[20] and that Defendants were "not using the prohibited terms in violation of the previous settlement agreement or infringing Plaintiff's marks."[21] Consequently, Defendants completely failed to document any of the changes to the underlying data.

---

[18] Complaint, Doc. 1, pp. 10-11

[19] Email from Plaintiff's Counsel to Defendants' Counsel, 2020-Jul-24, attached hereto as Exh. B, at p. 3 (emphasis in original).

[20] *Id*. at p. 2.

[21] *Id*.

Defendants' failure to preserve the evidence or, in the alternative, to document their changes to the evidence now makes it impossible to cure any prejudice resulting from Defendants' spoliation of the trial evidence.

### F. The Contents of These Crucial Websites Change Continually, and Defendants Have Added More Product Listings for Sale Under These URLs

The contents of these crucial websites change continually. For example, a comparison between the printout of the trial exhibits[22] and a recent screen capture of the live site[23] shows that:

(1)   the total number of Defendants' products has changed from five (5) listings on 2020-Apr-16 to twenty-five (25) listings on 2020-Aug-27 (and continues to change, going as high as thirty-six (36) products on 2020-Jul-28);



(2)   the sequence in which these products are listed has changed (and continues to change);

---

[22]  Plaintiff's Trial Exhibit Number 22, screen captured on 2020-Apr-16, attached hereto as Exh. C.

[23]  Live Site of Trial Exhibit Number 22, screen captured on 2020-Aug-27, attached hereto as Exh. D.

7

    (3)    the prices for Defendants' products have changed (and continues to change); and

    (4)    the pictures that represent Defendants' products have changed (and continues to change).

Furthermore, Defendants either created or resurrected an Amazon sales page using at least one prohibited phrase.[24] Stated differently, in addition to <u>altering</u> evidence, Defendants <u>manufactured</u> evidence. Changes to the evidence were made <u>after</u> Defendants had already been sanctioned for spoliation by this very Court.[25]

## IV.   ARGUMENT

There is no abuse of discretion in imposing the harshest sanctions by striking Defendants' Answer and entering a default judgment against Defendants. As this very Court previously held, "the most severe sanctions, such as the dismissal of the case or the striking of the answer and the entry of default judgment, should only be utilized where bad faith has been shown and where lesser sanctions would not be adequate."[26]

Here, Defendants' deliberate, ongoing, and malicious spoliation of crucial trial evidence, in complete disregard for the prior sanction imposed by this Court, shows both that: (a) Defendants altered evidence in bad faith; and (b) lesser sanctions are not adequate.

---

[24] Defendants' Amazon page, captured 2020-Jul-10, attached hereto as Exh. E.
[25] Order, 2020-Jan-28, Doc. 79.
[26] *Id.*, p. 5, citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005).

### A. *Defendants' Ongoing and Deliberate Spoliation Is Clear Evidence of Bad Faith*

Less than a year ago, this Court held that Defendants' spoliation of evidence was intentional.[27] Consequently, Defendants' current changes to the contents of URLs (identified in IOM's trial exhibits) can only be seen as more intentional spoliation, especially since Defendants control the contents of those URLs.

Defendants' deliberate spoliation of crucial trial evidence in the face of prior sanctions by this very Court is the quintessential example of bad faith, thereby requiring the harshest penalty.

### B. *Defendants' Complete Disregard of the Sanctions Imposed by This Court Shows That Lesser Sanctions Are Not Adequate*

Previously, this Court imposed lesser sanctions against Defendants, namely, a rebuttable presumption against Defendants.[28] Clearly, this was inadequate to stop the continued spoliation of crucial trial evidence by Defendants because, as the record shows, even after being sanctioned Defendants continued to alter (and even manufacture) crucial trial evidence.[29]

At bottom, if deliberate spoliation in complete disregard of prior-imposed sanctions is insufficient to justify the harshest penalty, then IOM is at a loss as to

---

[27] Order, 2020-Jan-28, Doc. 79, p. 4 ("there is sufficient circumstantial evidence of defendant's intent to destroy the evidence").

[28] Order, 2020-Jan-28, Doc. 79.

[29] To be clear, other than saving discrete screen captures of these live sites from time to time, IOM has absolutely no ability to control the contents of the live sites that are identified by URL in Plaintiff's trial exhibits.

what would be sufficient to strike Defendants' Answer and enter default judgment.

## V. CONCLUSION

Because of Defendants' deliberate disregard for crucial trial evidence, IOM now moves this Court to:

(a) STRIKE Defendants' Answer;

(b) ENTER Default Judgment against Defendants, holding Defendants liable on all Counts;

(c) PERMANENTLY ENJOIN Defendants for their ongoing violation of IOM's federally registered trademarks; and

(d) allow IOM to proceed to trial on only the amount of damages.

Respectfully submitted, 2020-Aug-28.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC,** *et al.*, Defendants. | Civil Action Number 1:19-cv-00540-WMR **CERTIFICATION OF COUNSEL REGARDING DUTY TO CONFER** |

**CERTIFICATION OF COUNSEL REGARDING DUTY TO CONFER**

Plaintiff certifies that the movant has in good faith conferred with Defendants in an effort to resolve this dispute without court action, including mediated settlement negotiations.

Respectfully submitted, 2020-Aug-28.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC,** *et al.*, Defendants. | Civil Action Number 1:19-cv-00540-WMR  **CERTIFICATE OF COMPLIANCE PURSUANT TO LR 7.1D** |

**CERTIFICATE OF COMPLIANCE PURSUANT TO LR 7.1D**

The undersigned counsel hereby certifies that **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR DELIBERATE AND ONGOING SPOLIATION OF TRIAL EVIDENCE AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION** has been prepared using one of the font and point selections approved in LR 5.1 NDGa.

Respectfully submitted, 2020-Aug-28.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC,** *et al*., Defendants. | Civil Action Number 1:19-cv-00540-WMR  **CERTIFICATE OF FILING AND SERVICE** |

### CERTIFICATE OF FILING AND SERVICE

Plaintiff certifies that **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS FOR DELIBERATE AND ONGOING SPOLIATION OF TRIAL EVIDENCE AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION** was filed using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted, 2020-Aug-28.

/s/ Daniel E. DeWoskin
Daniel E. DeWoskin
Georgia Bar No. 220327
Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
dan@atlantatrial.com

/s/ Sam S. Han
Sam S. Han
Georgia Bar No. 322284
Co-Counsel for Plaintiff

DeWoskin Law Firm, LLC
535 N. McDonough Street
Decatur, Georgia 30030
(404) 987-0026
sam@atlantatrial.com