UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.,**<br>    Plaintiff,<br>        v.<br>**EZFAUXDECOR, LLC,** *et al.*,<br>    Defendants. | Civil Action Number<br><br>1:19-cv-00540-WMR<br><br>**RESPONSE TO MOTION FOR SANCTIONS** |

### DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS

This Court should deny Plaintiff's motion for sanctions because it is both frivolous and unsupported by law or fact.

Plaintiff's motion alleges that Defendants are currently violating Plaintiff's trademarks through URLs on the eBay and Amazon websites. Doc # 106 at pg 4. Further, that showing these live websites during trial is necessary to its case. *Id*. Because these URLs have changed over time, Plaintiff claims that Defendants are somehow controlling the content of these URLs on these two third-party websites. *Id*. at pg 5.

It is frivolous to assert that Defendants are infringing Plaintiff's trademarks, and then at the same time, insist that the infringement continue unchanged so that Plaintiff can access the URLs live during trial. It is equally frivolous to assert that Defendants have a duty to assemble and document evidence available only through third parties (eBay and Amazon) and provide that evidence to Plaintiff instead of Plaintiff gathering this publically available information itself.

I.  **Defendant has no control over URLs maintained by eBay and Amazon on their own websites**

Defendants cannot be liable for spoliation of the URLs because Defendants are not, and have never been, in control of the URLs. *Wiedeman v. Canal Ins. Co.*, Case No. 1:15-cv-4182-WSD, 2017 U.S. Dist. LEXIS 88728 at *6 (U.S. Dist. ND GA June 9, 2017) ("It is axiomatic that in order for there to be spoliation, the evidence in question must have existed and been in the control of a party."). Plaintiff complains about certain URLs on eBay and Amazon that it identified in its exchange of trial exhibits. Doc # 106 at pg 4. These URLs are not tangible documents. They are web addresses on the World Wide Web that contain a domain name and other information to direct a web browser to a specific page online called a web page.

What Defendants control and don't control is an issue for the jury. Plaintiff will contend that Defendants controlled the content of these URLs on eBay and Amazon. Doc # 106 at pg 4. Plaintiff will cite to a deposition excerpt where Amber Shank stated that the person she had doing her listings on eBay and Amazon was named Cindy Walter. *Id.*  Listings that Defendant controls are not the same thing as the URLs complained of by Plaintiff. Plaintiff is not complaining about the wording of a listing which Defendants control. Rather, Plaintiff is complaining about how eBay and Amazon tag and catalog the listings on URLs on their websites.

Defendant will testify that she does not influence or control how eBay and Amazon tag and catalog her listings. Her trial testimony will be consistent with her

previous deposition testimony where she stated that she was unaware of any problems with her current eBay listings:

> Q. Would you be surprised if I told you that your eBay account has tags that use Instant Stainless and Instant Granite on more than a dozen products?
>
> A. EBay? Well, if they do, I don't know how you got tags on there. Depo. Amber Shank 254:7-12.

Defendant communicated this same information to Plaintiff in the emails attached to Plaintiff's motion that were exchanged during the mediation. Doc # 106-2 at pg 2 ("To be clear, Amber is unaware of any prohibited uses of the terms in her marketing. She has no idea what you are talking about with the URLs that you identified. These are not connected with any current listing."). Who controls the URLs and meta tags on these third-party websites is a jury issue. Attempting an end run around a jury's determination of disputed material facts with a spoliation motion should not be permitted.

## II. The URLs have at all times been available to Plaintiff on the internet and Plaintiff has had full opportunity to monitor and document changes to the URLs

Notwithstanding the fact that these URLs may be changing, and that such changes are not directed or caused by Defendant, Plaintiff has not been prevented from documenting these changes. The URLs are not something that are available only to Defendant. Nor does documentation require access to Defendant's eBay and Amazon accounts. These URLs are on the internet and are equally available to Plaintiff and Defendant. Plaintiff acknowledges that it monitors these URLs and

even attached examples of the claimed changing URLs to its motion.

Plaintiff has had free and full opportunity to preserve whatever is out on the internet that it believes will help its case. The most accepted way of capturing and presenting information from the internet is through a qualified expert. Plaintiff was free to designate an expert so that such information would be admissible. Plaintiff failed to designate any experts. There is no rule or duty that requires Defendant to assemble and document information that is available only through third parties (eBay and Amazon), and then to provide that information to Plaintiff. Plaintiff is responsible for obtaining and assembling its own evidence. Evidence that is freely available to Plaintiff from the internet.

### III. The content of the URLs is collateral to Plaintiff's prima facie case

In addition to proving that Defendants had control over the URLs on the eBay and Amazon websites, Plaintiff must demonstrate that the claimed spoliated evidence was crucial to its ability to prove its *prima facie* case. *In Re Boston Boat III, LLC*, 310 F.R.D. 510, 514 (U.S. Dist. SD FL 2015). Evidence that is merely relevant to a claim cannot be subject to a spoliation motion. *Id.* ("It is not enough for the movant to show only that the spoliated evidence would have been relevant to a claim or defense."). The evidence must be crucial to the movant's *prima facie* case for such evidence to be subject to a claim of spoliation. *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.,* 736 F. Supp. 2d 1317, 1322 (S.D. Fla. 2010) (finding that the allegedly spoliated evidence was not crucial to the plaintiff's claims because it could still prove its case through other evidence

already obtained elsewhere).

Plaintiff's *prima facie* case is that Defendants willfully infringed its trademarks. Plaintiff will offer the numerous trial exhibits that it has already disclosed purportedly showing infringement occurring over a several years. Plaintiff also intends to broadcast into the courtroom from the live eBay and Amazon websites at trial. According to Plaintiff, these live webpages have already changed from what is shown on its trial exhibits taken from the same websites. That will be obvious by comparing the live URLs to the already disclosed trial exhibits. What changes have occurred are collateral to Plaintiff's case. The fact that changes have occurred is the issue, not what those changes were.

## IV. The content of the URLs is unconnected to the previous spoliation dispute that concerned preservation of Defendant's own website

The preservation of the Ezfauxdecor website, along with its meta tags, was already dealt with and will be a matter for trial. *See* Order - Doc # 79. This Court ruled that Defendant failed to prove that the copy of its website that Defendant produced to Plaintiff, preserved the meta tags on that website. Doc # 79. This Court ruled that it will allow the jury to be informed that Defendants were responsible for the loss of archived website data on the Ezfauxdecor website. *Id*. at pg 6.  Further, that there is a rebuttable presumption that if the data had been preserved it would have shown product listings on the website that violated Plaintiff's trademarks and violated the previous settlement agreement. *Id*.

The Court found that the "electronic copy of the website as it existed before

the lawsuit [was] relevant to the alleged trademark violation." *Id*. and pg 3. Further, that the "website is the crux of Plaintiff's case." *Id*. at pg 5. The current motion has nothing to do with Defendant's website. In an effort to tie the current motion to this Court's previous ruling regarding Defendant's website, Plaintiff disingenuously mixes the words "meta tags" and URLs. Doc # 106 at pg 6. For example, the heading of Plaintiff's Section E reads:

> E.   Defendants' Failure to Preserve the <u>Meta Tags</u> and Underlying Electronic Data from the Live Sites Makes it Impossible to Cure the Prejudice That Is Caused by the Now-Missing Information. Doc # 106.

Although the motion complains of URLs changing, this heading morphs those URLs into meta tags. Meta tags are not the same thing as URLs. Nor is there any evidence that mega tags do, or even can, exist on the URLs.

This new round of complaints about spoliation do not involve the Ezfauxdecor website. Rather, they concern the content of third-party websites – eBay and Amazon. Defendant has no control over URLs on these third-party websites. Defendant posts listings to these websites through her eBay and Amazon accounts. She does not, and cannot, control URLs created and maintained by eBay and Amazon that index, catalog, and somehow tie into Defendant's listings.

## Conclusion

This Court should deny Plaintiff's request for sanctions. The URLs are not subject to a spoliation claim because Defendant does not have custody or control over how eBay and Amazon index and catalog Defendant's listings on these third-

party websites. The URLs are also not subject to a spoliation claim because the live sites still exist and evidence of changes to those URLs is readily shown.

This Court should consider sanctioning Plaintiff for filing a frivolous motion. It is frivolous to assert that Defendants are infringing Plaintiff's trademarks, and then at the same time, insist that the infringement continue unchanged so that Plaintiff can access the URLs live during trial. It is equally frivolous to assert that Defendants have a duty to assemble and document evidence available only through third parties (eBay and Amazon) and provide that evidence to Plaintiff instead of Plaintiff gathering this publically available information itself.

Respectfully submitted:

Woodhouse, LLC

By: */s/ Samuel S. Woodhouse*
Samuel S. Woodhouse   GA # 755070
260 Peachtree Street, NW, Ste 1402
Atlanta, GA 30303
PH:   (404) 214-7200
FAX: (404) 214-7202
E-MAIL:
swoodhouse@woodhouselawfirm.com
ATTORNEY FOR DEFENDANTS

Krigel & Krigel, P.C.

By: */s/ Paul K. Hentzen*
Paul K. Hentzen         MO #50754
4520 Main, Ste 700
Kansas City, MO 64111
PH:   (816) 756-5800
FAX: (816) 756-1999
E-MAIL:
phentzen@krigelandkrigel.com
ATTORNEY FOR DEFENDANTS
ADMITTED PRO HAC VICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC**, *et al.*, Defendants. | Civil Action Number 1:19-cv-00540-WMR **CERTIFICATE OF COMPLIANCE WITH LR 7.1D** |

## CERTIFICATE OF COMPLIANCE WITH LR 7.1D

The undersigned counsel certifies that **Defendants' Response to Motion for Sanctions** has been prepared using Times New Roman 14 point type as approved by LR 5.1(B) and the brief is less than 25 pages in length.

Respectfully submitted, September 2, 2020.

| | |
|---|---|
| Woodhouse, LLC | Krigel & Krigel, P.C. |
| By: */s/ Samuel S. Woodhouse* | By: */s/ Paul K. Hentzen* |
| Samuel S. Woodhouse   GA # 755070 | Paul K. Hentzen    MO #50754 |
| 260 Peachtree Street, NW, Ste 1402 | 4520 Main, Ste 700 |
| Atlanta, GA 30303 | Kansas City, MO 64111 |
| PH:  (404) 214-7200 | PH:  (816) 756-5800 |
| FAX: (404) 214-7202 | FAX: (816) 756-1999 |
| E-MAIL: swoodhouse@woodhouselawfirm.com | E-MAIL: phentzen@krigelandkrigel.com |
| ATTORNEY FOR DEFENDANTS | ATTORNEY FOR DEFENDANTS ADMITTED PRO HAC VICE |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **INSTANT ONE MEDIA, INC.**, Plaintiff, v. **EZFAUXDECOR, LLC**, *et al.*, Defendants. | Civil Action Number<br><br>1:19-cv-00540-WMR<br><br>**CERTIFICATE OF FILING AND SERVICE** |

## CERTIFICATE OF FILING AND SERVICE

The undersigned counsel certifies that **Defendants' Response to Motion for Sanctions** was filed using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

Respectfully submitted, September 2, 2020.

| | |
|---|---|
| Woodhouse, LLC | Krigel & Krigel, P.C. |
| By: */s/ Samuel S. Woodhouse* | By: */s/ Paul K. Hentzen* |
| Samuel S. Woodhouse   GA # 755070 | Paul K. Hentzen    MO #50754 |
| 260 Peachtree Street, NW, Ste 1402 | 4520 Main, Ste 700 |
| Atlanta, GA 30303 | Kansas City, MO 64111 |
| PH:  (404) 214-7200 | PH:  (816) 756-5800 |
| FAX: (404) 214-7202 | FAX: (816) 756-1999 |
| E-MAIL: swoodhouse@woodhouselawfirm.com | E-MAIL: phentzen@krigelandkrigel.com |
| ATTORNEY FOR DEFENDANTS | ATTORNEY FOR DEFENDANTS ADMITTED PRO HAC VICE |